**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>RAO G. DESU,<br><br>        Defendant. | Criminal No. 18-613 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon the Government's Motion to Modify Conditions of Release. (Mot., ECF No. 91.) Defendant Rao Desu ("Defendant") responded. (Opp'n, ECF No. 103.) For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

On October 21, 2019, a jury found Defendant guilty on six counts of federal tax fraud. (Redacted Verdict Form, ECF No. 88.) Thereafter, the Government moved for the immediate remand of Defendant, contending that Defendant is a risk of flight. (Tr. at 1721:7-10.) The Court denied the motion but requested further briefing on the issue. (*Id.* at 1724:14-22.)

The Government filed the instant Motion. "Although the Government believes that remand is warranted, the Government will be satisfied with a meaningful modification of Desu's conditions of release between now and his January 28, 2020 sentencing to include electronic location monitoring and the posting of his home as a secured bond for release." (Mot. at 1; *see*

*also id.* at 4.) Defendant responded, stating he "has no objection to pledging his home to secure his bond and leaves the matter of electronic monitoring to the Court's sound discretion." (Opp'n at 5.)

## II. LEGAL STANDARD

Under 18 U.S.C. § 3143(a)(1), "a judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee . . . ."[1] A defendant, thus, bears the burden of establishing, by clear and convincing evidence, that he will not flee pending sentencing. 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 46(c); *United States v. Strong*, 775 F.2d 504, 505 (3d Cir. 1985).

## III. DISCUSSION

The Government contends that Defendant is a flight risk because he has cash in "ready havens" in India and the United Arab Emirates, as evidenced by testimony at trial from his mother-in-law and nephew. (Mot. at 2-3.) The Government also argues that, despite the Stop Notice placed with the U.S. Department of State when bail was first set, Defendant "has the potential means to travel" by using a colored copy of his passport, which he obtained during trial, to apply for a replacement passport. (*Id.* at 3.)

Defendant does not object to pledging his home to secure his bond. (Opp'n at 5.) Defendant only argues that electronic location monitoring is not necessary because: (1) to date, he has been compliant with all conditions of his release; (2) for the past five years, his actions have not once indicated any risk of flight; (3) he has substantial ties to New Jersey; and (4) he has "deeply-rooted emotional, familial, and reputational ties" to the United States. (*Id.* at 2-4; *see*

---

[1] The Government does not contend that Defendant "pose[s] a danger to the safety of any other person or the community if released," under 18 U.S.C. § 3143(a)(1). (*See generally* Mot.)

*also* Desu Decl., ECF No. 103-1.) As to the colored copy of his passport, Defendant maintains it was used only to enter a stipulation at trial. (Opp'n at 4 (citing Blanco Decl. ¶¶ 3-5, ECF No. 103-2).) Defendant contends that, once defense counsel received the copy from Pretrial Services upon Court order, counsel gave the Government the only copy, and that he never had the copy in his possession or control. (*Id.* at 4; Blanco Decl. ¶¶ 12-15.) Defendant also argues that the cash transactions referenced in the Government's Motion have been known to the Government since 2014. (*Id.* at 5.) Finally, Defendant says his net worth is irrelevant because there is no allegation of inappropriate transfers of wealth since the commencement of this investigation. (*Id.*)

Here, the Court finds that, under modified conditions of presentencing release that would include Defendant's pledge of his home to secure his bond, Defendant has sufficiently demonstrated he does not present a risk of flight. The Court is not convinced that additional electronic location monitoring of Defendant is necessary. Through the affidavits of his wife and attorney, Defendant has shown that, despite international financial resources, he has significant family, social, and business ties to the United States, and specifically to New Jersey. That Defendant requested a copy of his passport at trial does not change the Court's calculation.

## IV. CONCLUSION

The Government's Motion to Amend Conditions of Release is **GRANTED IN PART** and **DENIED IN PART**.

An order consistent with this Memorandum Opinion will be entered.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE