**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 18-613 (MAS) |
| v. | **MEMORANDUM ORDER** |
| RAO DESU. | |

**SHIPP, District Judge**

      This matter comes before the Court upon Defendant Rao Desu's ("Desu") Letter Motion for Early Termination of Supervised Release ("Motion") pursuant to 18 U.S.C. § 3583(e). (ECF No. 202.) The United States of America (the "Government") did not e-file a response to the Motion. The Court has considered Desu's Motion under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, the Motion is denied.

## I.      BACKGROUND

### A.      Procedural History

      On October 21, 2019, Desu was found guilty by a jury on all six counts of the Indictment.[1] (*See* ECF Nos. 1, 85, 88.) Thereafter, the Government filed a motion to modify conditions of Desu's release, contending that he was a flight risk. (ECF No. 91.) On November 4, 2019, the Court granted in part and denied in part the Government's motion and amended Desu's conditions

---

[1] The Indictment charged Desu with the following counts: (1) Conspiracy to Impede and Impair the Functions of the IRS (Counts One and Two); and (2) Aiding and Assisting in Subscribing to False Tax Returns (Counts Three through Six). (Indictment, ECF No. 1.)

of release to "include securing a bond by posting his home, as approved by Pretrial Services, by November 15, 2019." (ECF No. 105.)

On September 23, 2020, Desu was sentenced to 30 months of imprisonment on each of the six counts, to be served concurrently, and two years of supervised release with special conditions.[2] (Minutes of Proceedings, ECF No. 151; J., ECF No. 152.[3]) Thereafter, on three separate occasions, the Court granted Desu's request for an extension of his surrender date due to the COVID-19 pandemic. (ECF Nos. 157 (Oct. 26, 2020), 162 (Dec. 9, 2020), 168 (Feb. 5, 2021).)

On March 23, 2021, Desu filed his first motion for reduction of sentence under the First Step Act based on allegations that the COVID-19 pandemic imposed extraordinary and compelling reasons.[4]  (Mar. 23, 2021 Mot., ECF No. 170.) Desu also filed a motion to continue his surrender date pending the Court's decision on Desu's motion. (ECF No. 176.) On April 30, 2021, the Court denied Desu's motion for reduction of sentence, finding Desu was not eligible for the relief sought because he had not begun to serve his sentence. (Apr. 30, 2021 Letter Op. and Order 4, ECF No. 179.) The Court clarified that even if the Court were to have jurisdiction, Desu "fail[ed] to

---

[2] The following special conditions were ordered: (1) Financial Disclosure; (2) Internal Revenue Service – Cooperation; and (3) New Debt Restrictions. (J. 3.) On July 13, 2022, the Court modified the conditions of supervision to also include the special condition of Occupational Restriction. (ECF No. 197.)

[3] Desu appealed the judgment (ECF No. 153), which the Third Circuit ultimately affirmed (ECF No. 189).

[4] Desu argued that he "[was] eligible for a reduction of his sentence, even though he [had] not yet surrendered" and "his case [was] on appeal." (Mar. 23, 2021 Mot. 7, 10.)

demonstrate that the 18 U.S.C. § 3553(a) factors weigh in favor of relief." (*Id.*) The Court also denied Desu's motion to continue his surrender date and ordered Desu to surrender as scheduled on May 5, 2021. (*Id.* at 6.)

Two days after the Court's Letter Opinion and Order was issued, Desu filed an emergency motion for a sixty-day stay of his surrender date. (ECF No. 180.) Desu argued that he had serious medical conditions that made him more susceptible to the COVID-19 virus. (*Id.*) The Court denied Desu's request, finding that the Court had already granted "three sixty-day extensions of his surrender date," which was originally set for November 3, 2020. (May 3, 2021 Letter Op. and Order 2, ECF No. 183.)

Upon serving seven months of his custodial sentence, Desu filed a second motion for reduction of sentence under the First Step Act. (ECF No. 187.) While the motion was pending, however, the Bureau of Prisons released Desu to home confinement pursuant to the CARES Act and thus the Court terminated Desu's motion as moot. (ECF No. 196.)

## B.     The Instant Motion

Desu's supervised release commenced on January 9, 2023. (Probation Letter 1.[5]) On January 24, 2024, Desu moved for early termination of supervised release to "receive health treatment" spanning a period of four months in India. (*See* Desu's Mot. 1, ECF No. 202.) Desu

---

[5] The Probation Department submitted its response directly to Chambers.

avers that he complied with the supervised release conditions, made full restitution, and successfully reintegrated with his family and community since his release. (*Id.*)

Throughout his supervised release, the Court has approved Desu's multiple travel requests. On April 13, 2023, the Court approved Desu's travel request to India from April 25, 2023 to May 16, 2023, as recommended by the Probation Office. (ECF No. 199.) On August 2, 2023, the Court approved Desu's travel request to Los Cabos, Mexico from October 25, 2023 to October 30, 2023 to attend his niece's wedding. (ECF No. 200.) The Court further approved all future travel requests at the discretion of and as recommended by the Probation Office. (*Id.*) On April 9, 2024, the Court approved Desu's travel request to India from May 15, 2024 to September 15, 2024 to attend the four-month "therapeutic health retreat." (ECF No. 204.)

## II.      LEGAL STANDARD

Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release," if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When reviewing the § 3553(a) factors, the Court need not make specific findings for each factor. *United States v. Melvin*, 978 F.3d 49, 52-53 (2020). The Court need only state that it has considered them. *Id.* at 53.

Although the Third Circuit held that § 3583(e)(1) does not require a finding of new or unforeseen circumstances, it reasoned that, generally, only when new or unforeseen circumstances warrant it will a sentencing judge grant a motion for early termination of supervised release under § 3583(e)(1). *Id.* The Third Circuit has held "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* Importantly, "[d]istrict courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release . . . ." *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013).

## III.   **DISCUSSION**

The Court has considered the § 3553(a) factors and finds that early termination of supervised release is not warranted nor is it in the interest of justice. *See Melvin*, 978 F.3d at 52 ("After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." (citing 18 U.S.C. § 3583(e)(1))).

As an initial matter, "mere compliance with the conditions of supervised release is generally insufficient to support early termination." *United States v. Vasiliades*, No. 96-217, 2022 WL 3701963, at *3 (E.D. Pa. Aug. 25, 2022) (citations omitted). While the Court commends Desu's progress towards living a law-abiding life and fulfilling his financial obligations, compliance with the terms of supervised release is what is expected of probationers, and without

5

more, cannot justify early termination. *See United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination.").

Next, Desu asserts that early termination will enable him to travel abroad to treat a serious health condition. (Desu's Mot. 2.) The Third Circuit has held that "[a] serious health condition does not necessitate early termination of supervised release unless the defendants can demonstrate that the conditions of supervision prevent their access to medical care." *United States v. Dudash*, No. 05-101, 2012 WL 874878, at *4 (citing *United States v. Abuhouran*, 398 F. App'x 12, 715 (3d Cir. 2010)); *Abuhouran*, 398 F. App'x at 715 (denying early termination of supervised release for a defendant who suffered from neurological problems but did not submit any evidence demonstrating that he was "unable to secure adequate medical care while on supervised release"). Here, Desu states that he "would like to travel to India to participate in a health camp for four months" because "[c]omparable treatment would be cost-prohibitive in the United States, and thus [his] only option for receiving such intensive treatment is to travel to India, where he can stay with family to further offset costs." (Desu's Mot. 2.) That Desu *prefers* to partake in a "therapeutic or health camp" or receive treatment abroad to save costs is not a sufficient basis for early termination of supervised release. *See Dudash*, 2012 WL 874878, at *4 (defendant's "serious health conditions, including 'recurring bouts with cancer,' do not support termination of her supervision [because] [a]lthough [her] illness is very unfortunate, [she] has not shown that her conditions of supervision interfere with her medical treatment in any way or that her health has materially declined to the

extent that supervision is no longer necessary.") Desu fails to demonstrate that he is prevented from accessing medical care during his supervised release—in fact, to the contrary, Desu has been receiving care and treatment from a doctor in Sayreville, New Jersey. (Desu's Mot., Ex. A.)

Notably, the Court previously approved Desu's travel to India from May 15, 2024 to September 15, 2024 to "attend [the] therapeutic health retreat" for four months (ECF No. 204) and has granted numerous other travel requests throughout Desu's supervised release. Moreover, Desu does not otherwise "contend that he was denied leave to travel . . . by his Probation Officer." *See United States v. Santoro*, No. 21-76, 2022 WL 37471, at *3 (D.N.J. Jan. 4, 2022) ("[Defendant's] desire to spend time with family, although understandable, is insufficient to terminate his supervision.").

Further, the Court finds that a holistic review of the § 3553(a) factors weigh against granting early termination. At every opportunity, Desu filed requests to continue or stay his surrender date, terminate or reduce his sentence, and travel internationally. Throughout this matter, the Court has extended multiple courtesies and has granted many of Desu's requests. Here, the Court finds that Desu fails to present any new or unforeseen circumstances since his sentencing that warrant early termination of supervised release. *See United States v. Hooks*, No. 13-257, 2022 WL 17721036, at *3 (E.D. Pa. Dec. 15, 2022) ("Generally, early termination of supervised release under § 3583(e)(1) will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." (quoting *Melvin*, 978 F.3d at 53).

The Court finds its initial sentence appropriate and that an early termination of supervised release would not be in the interest of justice. As such, Desu's Motion is denied.

IV.     **ORDER**

For the foregoing reasons,

**IT IS**, on this 20th day of August 2024, **ORDERED** that:

1.      Desu's Letter Motion for Early Termination of Supervised Release (ECF No. 202) is **DENIED**.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE